FILED
January 22, 2024
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JEFF OSWALT AND TAYLOR OSWALT, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREAT LAKES INSURANCE SE, <br><br> *Defendant.* | § § § § § § § § § § § § CIVIL ACTION NO. 5:23-CV-206-C |

# PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JEFF OSWALT AND TAYLOR OSWALT, files this their First Amended Complaint against Defendant GREAT LAKES INSURANCE SE, and, in support of their causes of action, would respectfully show the Court the following:

## I.   PARTIES

1. Plaintiffs JEFF OSWALT AND TAYLOR OSWALT (the "Oswalts"), own the property made the basis of this suit located at: 305 S Ave D, 403 S Ave D, 413 S Ave D, 415 S Ave. D, and 1341 CR 315 in Abernathy, Texas 79311 in Lubbock and Hale County, Texas including all buildings on the premises (the "Property").

2. Based on information and belief, Defendant, GREAT LAKES INSURANCE SE ("Defendant" or "Great Lakes") is a foreign entity authorized to engage in the insurance business in the State of Texas and was duly served and has made an appearance herein. Defendant removed this case to this Court.

## II.  JURISDICTION AND VENUE

3. This Honorable Court has personal jurisdiction over Defendant because at all times relevant hereto it provided insurance coverage in the State of Texas and Plaintiffs' causes of action arise out of its in-state business activities.

4. At the time this lawsuit was filed and to this day, Plaintiffs resides in Lubbock County, Texas. Plaintiffs are therefore a citizen of Texas for diversity jurisdiction purposes. Defendant has alleged that it is a citizen of Germany for diversity jurisdiction purposes. Plaintiff have no knowledge of the accuracy of this statement. Defendant has been duly served and appeared and answered in this Court.

5. Venue is proper in the Northern District of Texas, because the property at issue is located in this district, the loss occurred in this district, the claims asserted herein arose from one or more acts and/or omissions that occurred in this district, and Defendant has appeared and filed its Answer with this Court. More specifically, the property is located in the Lubbock Division of the Northern District of Texas.

## III.  FACTUAL BACKGROUND

6. The Oswalts entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting the Oswalts' Property.

7. The agreement was drafted by Defendant and assigned Policy Number GRLK0916 (the "Policy"). The renewed Policy's effective date was from June 29, 2020 through June 29, 2021 (referred to as the "Policy Period").

8. Coverage under the Policy covers direct physical loss to Covered Property as a result of a covered loss. Hail, wind, and rainstorms are covered losses under the Policy.

9. During the Policy Period a large hail, wind, and rainstorm swept through Abernathy, Texas and hit the Property.

10. The hail, wind, and rainstorm hit the Property severely damaging the buildings.

11. During the storm large-sized hail fell and struck the Property damaging the roofs, gutters, metal siding, metal roll up garage doors, skylights, rooftop metal objects such as the vents, and more.

12. The Oswalts immediately provided Defendant notice of covered losses to their Property under the Policy as a result of the hail, rain, and windstorm.

13. Defendant assigned claim numbers for each premises and building as described under the Policy following the loss. Specifically Defendant assigned, claim numbers 2021-02868 or 131334 for the Property at 413 S Ave D, Abernathy, Texas 79111; 2021-02869305 or 131341 for the Property at 415 S Ave D, Abernathy, Texas 79111; 2021-02870305 or 131340 for the Property at 305 S Ave D, Building #1, Abernathy, Texas 79111; 2021-02871305 or 131339 for the Property at 305 S Ave D, Building #2, Abernathy, Texas 79111; 2021-02874403 or 131338 for the Property at 305 S Ave D, Building #3, Abernathy, Texas 79111; 2021-02845403 or 131337 for the Property at 403 S Ave D, Building #1, Abernathy, Texas 79111; 2021-02875403 or 131336 for the Property at 403 S Ave D, Building #2, Abernathy, Texas 79111; 2021-028761341 or 131335 for the Property at 403 S Ave D, Buildings #3 and #4, Abernathy, Texas 79111; and 2021-02878 for the Property at 1341 CR 315, Abernathy, Texas 79311; (referred to as the "Claims").

14. After receiving notice of the loss Defendant assigned the Claims to Alacrity Solutions. Alacrity Solutions then assigned the Claims to Mark E. White to review the Claims for payment pursuant to the Policy.

15. Investigations, Reports, and Denial of Appraisal

16. On or about July 6, 2021 Defendant visited the Property for the first time.

17. While at the Property Defendant recorded obvious signs of hails damage to the roofs and rooftop metal objects such the rooftop vents.

18. Large hail strikes were clearly visible on the roofs and left large damaging dents to the roofs, walls, vents, and more.

19. Defendant also recorded interior water leak damage at the Property such as water damage to ceiling tiles that Defendant determined was "due to roof leaks."

20. But Defendant denied the majority of the Oswalts' Claims instead alleging the hail damage was merely cosmetic and that any interior leaks were from "wear and tear" and not hail.

21. However, Defendant never explained or provided an example to the Oswalts of the "wear and tear" that was supposedly the cause of the leaks. Defendant also failed to explain how it was able to rule out the recent hail damage as the cause of the leaks Defendant admits is from the roof.

22. Defendant simply denied the majority of the Oswalts' Claims simply alleging the hail damage was only cosmetic damage and that the interior water leaks were from wear and tear with no support. As a result, Defendant refused to pay the Claims alleging all covered damage was under the Oswalts' deductible.

23. The Oswalts disagreed with Defendant's denial of the Claims based on Defendant's vague assertions, lack of details, zero analysis, improper exclusion of hail as the cause of water damage and blame of wear and tear without offering any support. Moreover, Defendant failed to properly examine all major hail strikes to the roofs for damage.

24. The Oswalts also disagreed with Defendant's valuation of damages for the few things it did admit to being covered under the Policy.

25. In response Defendant hired Jeff Scott ("Scott") with Donan Engineering Co., Inc. ("Donan") to visit the Property and examine the Property for hail damage.

26. Defendant hired Donan despite knowing Donan's bias and tendency to favor insurance carrier by denying or limiting damage when reviewing a property owner's claim for covered damages.

27. Defendant revisited the Property due to the Oswalts' disagreement on or about September 22, 2021. During the visit Defendant recorded evidence of hail strikes to the Property at least 1.25 inches in diameter was recorded. Notably missing from Defendant's reports were any weather research, data, or analysis which would likely tend to show even larger more severe hail fell at the Property during the Policy Period.

28. However, the reinspection did reveal numerous other vital facts that tend to support the Oswalts' Claims for coverage of their Claims which Defendant failed to address.

29. For instance, Defendant recorded covered damage from hail strikes that fractured numerous skylights on the roofs, 10 feet by 10 feet areas "test squares" on a roof with approximately 200 hail strikes recorded in the test square, and the large section of the metal roof panels, up to 25 feet in length, that was admitted by Defendant to be damaged from hail and covered under the Policy.

30. Moreover, Scott recorded gaps in the seams caused by hail on nearly all of the roofs of the Property and in one report admitted this was considered functional damage.

31. Based on one of Scott's reports Defendant admitted on October 26, 2021 that a section of one of the metal roofs was functionally damaged due to a hail caused gap in the seam.

32. Despite admitting to gaps in the seams being considered functional damage in one of his reports, Scott's additional reports then contradict this statement claiming that many other identified hail caused gaps in metal roof panel seams are not functionally damages.

33. Defendant then accepted this arbitrary rationale that some damage could be functional for some roofs and not functional for other buildings without question and simply regurgitated its hired biased engineer's conclusions in its additional letters denying covered damage such as its October 22, 2021 letter.

34. Further, Defendant failed to review the damage independently and apply the Policy to the damage as mandated and instead simply used its hired biased engineer's arbitrary "conclusions" as the basis of its coverage decision.

35. For example, despite Scott's obvious contradictions of claiming the gaps in metal roof panel seams is functional for one panel on one roof but the same damage is cosmetic everywhere else, Defendant also failed to address the metal exterior walls and metal garage rool up doors despite hail damage to both being recorded.

36. Defendant simply disregarded this damage because its biased hired engineer from Donan did not address the damage.

37. For example, Defendant failed to properly include as covered damage all of the metal wall-siding that was damaged by hail and either improperly failed to record all of the damage by arbitrarily overlooking the damage, or by improperly applying the cosmetic damage roof limitation to the metal wall-siding.

38. Despite the obvious evidence that would appraise a reasonable insurer to its liability under the Policy Defendant still denied the vast majority of the Oswalts' Claims.

39.     In denying the majority of the Claims Defendant still unreasonably failed to reconcile all of the obvious recorded evidence of covered hail damage to the Property and properly explain how the damage was excluded under the Policy.

40.     Additionally, Defendant failed to properly examine all of the hail strikes at the Property for damage and never discussed or analyzed whether the hail strikes damaged any coating on the roof panels that would prevent the roof from functioning as a barrier to the entrance of elements to the same extent as it did before.

41.     As a result of Defendant's actions and improper investigation Defendant severely undervalued the damage to the Property and the Oswalts were forced to invoke the appraisal provision of the Policy in order to properly determine the value of damages based on the reasonable and necessary costs to make repairs.

42.     The Oswalts sent Defendant their demand for appraisal on or about January 10, 2022 naming Ryan Davis as their independent appraiser. Defendant responded by naming John Segura as its appraiser. Soon after Matt Self was appointed to the appraisal panel as a third-party umpire by a Court of competent jurisdiction pursuant to the Policy.

43.     The appraisal panel worked to determine the value of damages to the Property and on July 10, 2023 entered a binding appraisal award in favor of the Oswalts.

44.     The appraisal award set $801,022.36 as the replacement cost value ("RCV") of damages and $692,423.96 as the actual cash value ("ACV") of damages.

45.     To date, Defendant has not paid the Oswalts the value of their Claims under their Policy with Defendant pursuant to the appraisal award and the Policy. As a result, the Oswalts have incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's failure to pay the amount owed on

the Claims. For example, the costs of repair have increased substantially since Defendant's denial of the majority of the Claims.

46. Defendant and its adjuster and engineer assigned to the Claims failed to perform a proper inspection and as a result prepared a report that failed to include all of the covered damage sustained at the Property and undervalued the damage observed during the inspection.

47. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of the Oswalts' Claims, which resulted in a biased, unfair, and inequitable evaluation of the Oswalts' losses for the covered property.

**B.   Policy Compliance**

48. The Oswalts fully complied with all requirements under the Policy to properly notify the Defendant of the loss to their covered Property.

## IV.   CAUSES OF ACTION

**A.   Breach of Contract**

49. Plaintiffs reassert and realleges the allegations set forth in paragraphs 6 through 48 of this Complaint.

50. Defendant entered into the Policy with the Oswalts.

51. The Oswalts' Property sustained damage as a result of direct physical loss during the Policy Period caused by a hail, wind, and rainstorm, all covered causes of loss.

52. Defendant has breached the terms of the Policy by wrongfully denying portions of the Claims while underpaying covered damages instead of paying the full benefits owed to the Oswalts under the Policy for a covered loss to the Property.

53. Defendant further breached the Policy by failing to pay the appraisal award despite an appraisal award having been awarded pursuant to the Policy.

54. As a result of Defendant's breach of the Policy, the Oswalts sustained: (1) actual damages, (2) consequential damages (related to increased costs of construction and other related consequential damages), and (3) incurred reasonable and necessary attorney's fees to date.

**B.    Insurance Code Violations**

55. Plaintiffs reasserts and realleges the allegations set forth in paragraphs 6 through 45 of this Complaint.

   *Prompt Payment of Claims Statute*

56. As set forth above, Plaintiffs were insured under the Policy during the Policy Period.

57. During the Policy Period, hail and windstorms swept through Lubbock and Hale County, Texas and damaged the Oswalts' Property.

58. As a result, the Oswalts gave proper notice of a claim under the Policy to Defendant.

59. Defendant is under an obligation to promptly pay the Oswalts' Claim.

60. Defendant has delayed payment of the Oswalts' Claim for a time exceeding the period specified by statute by underpaying covered damages and wrongfully denying damages clearly covered under the Policy.

61. Defendant investigated the Claims on July 6, 2021. Defendant first sent a coverage decision letter on the Claims on July 21, 2021. Defendant further continued investigating and issuing Claims decision letters through December 2021 regurgitating the same findings and failing to fully pay the full amount of the Oswalts' Claims.

62. To date, Defendant has not tendered payment for all of the Oswalts' damages arising out of their insurance Claims with Defendant.

63. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

64. As a result of the insurance code violations listed above, the Oswalts in addition to the Oswalts' claim for damages, are entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

65. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

66. Defendant violated § 541.051 of the Texas Insurance Code by misrepresenting the terms and benefits of coverage when Defendant omitted from its estimates of covered damage all of the hail damaged metal wall-siding; and stated that the interior water damage is not covered under the Policy despite the Policy explicitly covering damage caused by wind, hail, and rainstorms.

67. Defendant violated § 541.060:

   (a) ***541.060(a)(1)-misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue***.

68. Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 67 of this Complaint.

69. Defendant violated § 541.060(a)(1) by misrepresenting to the Oswalts a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property in addition to multiple other misrepresentations.

70. Specifically, Defendant has misrepresented the following:

   a. That gaps in metal seams are not functional damage;

   b. That the adjuster independently reviewed the damage to the Property and applied the Policy provisions instead of using an outside engineer's definition of functional damage;

    c. That the roofing system at the Property was not damaged enough to meet the deductible;

    d. That all hail damage at the property is only cosmetic damage except for a single metal roof panel;

    e. That the cosmetic roof damage provision applies to the metal walls and roll up garage doors at the Property;

    f. That the interior water damage is solely from wear and tear and not the hail and windstorm that hit the Property;

    g. That no weather analysis is necessary;

    h. That Defendant need not investigate whether any costing was damaged as a result of the severe hail and windstorm; and

    i. That the majority of the Oswalts' Claims for hail damage is excluded under a cosmetic damage to roof surfacing provision when the provision solely applies to the roofs at most and not to the metal wall-siding.

71. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused the Oswalts damages.

    (b) *§541.060(a)(2)-failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear*.

72. Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 71 of this Complaint.

73. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to the Oswalts' Property.

74. Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

   a. Making the misrepresentations at paragraph 70;

   b. Failing to properly investigate the damage to the roofs;

   c. Failing to record the obvious evidence of covered damage across all roofs;

   d. Omitting vital information that tends to prove the Oswalts' Claims in Defendant's July 21, 2021 partial denial letter and subsequent letters;

   e. Failing to properly apply an policy provisions independently and instead relying on an outside party's definitions to determine coverage;

   f. Failing to properly rule out hail and wind damage as the cause of the interior roof leaks and arbitrarily asserting the damage is solely due to wear and tear to the roof without evidence in support;

   g. Either intentionally overlooking all hail damage to the metal wall-siding at the Property or improperly applying the cosmetic damage roof exclusion provision to the hail damaged metal walls;

   h. Failing to write an estimate that included obvious covered damage to the roof caused by hail and wind and leaving out essential material required to properly repair and replace the Oswalts' damaged Property; and

   i. Hiring an engineer in an effort to solely deny the Oswalts' Claims, despite clear evidence of covered damage to the contrary and without properly investigating the thousands of hail strikes to the roofs at the Property which Defendant already found to have caused more than cosmetic damage to a portion of a metal roof.

75. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused the Oswalts' damages.

   (c) *__541.060(a)(3)-failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim__*.

76. Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 65 of this Complaint.

77.     Defendant violated § 541.060(a)(3) by failing to promptly provide the Oswalts a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of the Claims or offer of a compromise settlement of a claim.

78.     Defendant has failed to promptly provide the Oswalts a reasonable explanation of the basis for Defendant's denial of the Claims. Defendant's partial denial letter dated July 21, 2021, and subsequent denial letters, was based solely on its outcome-oriented investigation. Defendant failed to explain how the majority of the hail and wind damage across the roof was not covered and merely regurgitated conclusions that contradicted the facts of the Claims.

79.     Defendant failed to provide a reasonable explanation of how the majority of the hail and wind damage across the roofs are not covered and included in calculating the amount of loss when determining coverage and why the damage such as hail caused gaps in metal seams was in some areas considered functional but not for the vast majority of the roofs.

80.     Despite evidence of interior water damage Defendant alleged the hail was not functional and instead arbitrarily asserted the interior water leaks were all due to wear and tear on the roof. But Defendant failed to explain what wear and tear on the roof was allowing water to enter the roofing system and how it ruled out hail damage to the roof.

81.     Defendant also failed to explain how all of the interior water damage was not covered despite admitting to the hail and windstorm causing roof damage to at least a portion of the roof that was covered under the Policy and without first properly excluding hail as the cause of interior damage. Defendant merely based its decision on its adjuster's unreasonable investigation and baseless estimate.

82. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused the Oswalts' damages.

### (d) *541.060(a)(4)-failing to approve or deny a claim within a reasonable time.*

83. Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 82 of this Complaint.

84. Defendant has not provided the Oswalts any notice as to whether the admitted to hail and wind damages from the covered hail, wind, and rainstorm will be paid pursuant to the appraisal awarded. Defendant investigated the Claims on July 7, 2021 and has received all documents necessary to make a decision on the Claims.

85. Moreover, an appraisal award was entered in favor of the Oswalts on July 10, 2023 but Defendant has yet to provide the Oswalts any letter stating that it is paying the appraisal award pursuant to the Policy.

86. There is no reason Defendant could not have issued a decision letter regarding the admitted to hail damage based on the appraisal award after receiving the appraisal award.

87. Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage and payment of the Claims to the Oswalts.

### (e) *541.060(a)(7)-refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claims*.

88. Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 87 of this Complaint.

89. Defendant violated § 541.060(a)(7) by refusing to pay the Oswalts' Claim without conducting a reasonable investigation with respect to the Claims.

90. Defendant has refused to pay the Oswalts' Claim without conducting a reasonable investigation by:

   a. Making the misrepresentations at paragraph 70;

   b. Failing to properly investigate the damage to the roofs;

   c. Failing to record the obvious evidence of covered damage across all roofs;

   d. Omitting vital information that tends to prove the Oswalts' Claims in Defendant's July 21, 2021 partial denial letter and subsequent letters;

   e. Failing to properly apply an policy provisions independently and instead relying on an outside party's definitions to determine coverage;

   f. Failing to properly rule out hail and wind damage as the cause of the interior roof leaks and arbitrarily asserting the damage is solely due to wear and tear to the roof without evidence in support;

   g. Either intentionally overlooking all hail damage to the metal wall-siding at the Property or improperly applying the cosmetic damage roof exclusion provision to the hail damaged metal walls;

   h. Failing to write an estimate that included obvious covered damage to the roof caused by hail and wind and leaving out essential material required to properly repair and replace the Oswalts' damaged Property; and

   i. Hiring an engineer in an effort to solely deny the Oswalts' Claims, despite clear evidence of covered damage to the contrary and without properly investigating the thousands of hail strikes to the roofs at the Property which Defendant already found to have caused more than cosmetic damage to a portion of a metal roof.

91. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused the Oswalts' damages.

92. Based on paragraph 63, Defendant has violated § 541.061 by making an untrue statement of material fact such as the hail damaged metal wall-siding and roll up garage doors not being covered and the interior water leaks being solely due to the wear and tear to the roof and that hail caused gaps to metal seams are not functional damage.

C.   **DTPA Violations**

93.   Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 82 of this Complaint.

94.   At all material times hereto, the Oswalts were consumers who purchased insurance products and services from Defendant.

95.   Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

96.   Defendant has violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of the Oswalts' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

97.   Specifically, Defendant left out material facts in its July 21, 2021 and subsequent denial letters that tend to prove the Oswalts' Claim.

98.   Specifically, Defendant ignored obvious covered hail damage under the Policy and also failed to fully inspect the hail damage it did record in order to minimize liability.

99.   Not only did Defendant fail to fully investigate all hail caused openings to the metal roofs at the Property, but it also failed to review the metal panels for protective coating and whether such coating was damaged from the large-sized hail that fell and hit the Property.

100.   Further, it inappropriately applied inapplicable policy provisions to covered damage at the Property, such as the hail and wind damaged metal walls, in order to minimize its liability on the Oswalts' Claim.

Case 5:23-cv-00206-C   Document 9   Filed 01/22/24   Page 17 of 20   PageID 97

101.  Defendant therefore sought to take advantage of the Oswalts' lack of knowledge regarding the cause of roof failures and damage to metal roof and wall panels in an attempt to minimize its liability on the Claims despite being covered under the Policy.

102.  Upon information and belief, Defendant knowingly committed the acts complained of. As such, the Oswalts are entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.  Breach of The Duty of Good Faith and Fair Dealing**

103.  Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 102 of this Complaint.

104.  The Oswalts and Defendant entered into a valid and enforceable insurance policy.

105.  Defendant owed the Oswalts the common law duty of good faith and fair dealing.

106.  Defendant breached the common law duty of good faith and fair dealing by wrongfully denying portions of the Claim, underpaying covered damages, and delaying payment on the Claims when Defendant knew or should have known liability was reasonably clear.

107.  Specifically, Defendant has breached the common law duty of good faith and fair dealing owed to Plaintiff by:

   a. Making the misrepresentations at paragraph 70;

   b. Failing to properly investigate the damage to the roofs;

   c. Failing to record the obvious evidence of covered damage across all roofs;

   d. Omitting vital information that tends to prove the Oswalts' Claims in Defendant's July 21, 2021 partial denial letter and subsequent letters;

   e. Failing to properly apply an policy provisions independently and instead relying on an outside party's definitions to determine coverage;

   f. Failing to properly rule out hail and wind damage as the cause of the interior roof leaks and arbitrarily asserting the damage is solely due to wear and tear to the roof

PLAINTIFFS' FIRST AMENDED COMPLAINT                                             PAGE 17

      without evidence in support;

   g. Either intentionally overlooking all hail damage to the metal wall-siding at the Property or improperly applying the cosmetic damage roof exclusion provision to the hail damaged metal walls;

   h. Failing to write an estimate that included obvious covered damage to the roof caused by hail and wind and leaving out essential material required to properly repair and replace the Oswalts' damaged Property; and

   i. Hiring an engineer in an effort to solely deny the Oswalts' Claims, despite clear evidence of covered damage to the contrary and without properly investigating the thousands of hail strikes to the roofs at the Property which Defendant already found to have caused more than cosmetic damage to a portion of a metal roof.

108. Upon information and belief, Defendant's actions were performed without due regard or care for the Claims process and were done intentionally or with gross negligence.

109. Defendant was aware at all times that its actions would result in the denial or underpayment of the Oswalts' Claim, and cause mental anguish and thus extraordinary harm associated with the Oswalts' Claim.

110. As a result of Defendant's acts and omissions, the Oswalts sustained actual damages.

### V. ATTORNEY'S FEES

111. Plaintiffs reassert and reallege the allegations set forth in paragraphs 6 through 110 of this Complaint.

112. The Oswalts engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

113. The Oswalts are entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because the Oswalts are represented by an attorney, presented the Claims to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the Claims were presented.

114. The Oswalts further pray that they be awarded all reasonable attorney's fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

115. The Oswalts further pray they be awarded all reasonable and necessary attorney's fees incurred in prosecuting the Oswalts' DTPA causes of action above pursuant to § 17.50(d).

## VI.   CONDITIONS PRECEDENT

116. All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## VII.   DEMAND FOR JURY

117. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs herein requests a trial by jury.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that, upon final hearing of the case, threy recover actual damages, consequential damages, statutory interest, and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

*/s/Andrew D. Spadoni*
Preston J. Dugas III
pdugas@dcclawfirm.com
State Bar No. 24050189
Andrew D. Spadoni
aspadoni@dcclawfirm.com

                    State Bar No. 24109198

                    **DUGAS & CIRCELLI, PLLC**
                    1701 River Run, Suite 703
                    Fort Worth, Texas 76107
                    Telephone:    (817) 945-3061
                    Facsimile:    (682) 219-0761

                    **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rule of Civil Procedure, on January 15, 2024, via the Court's electronic filing system.

*via electronic service*
Valerie Henderson
State Bar No. 24078655
vhenderson@bakerdonelson.com
Melissa Vest
State Bar No. 24096002
mvest@bakerdonelson.com

**BAKER, DONELSONM, BEARMAN,
CALDWELL & BERKOWITZ P.C.**
1301 McKinney Street, Suite 3700
Houton, Texas 77010
Telephone:    (713) 650-9700
Facsimile:    (713) 650-9701

**ATTORNEYS FOR DEFENDANT**

                              */s/Andrew D. Spadoni*
                              Andrew D. Spadoni